B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| JENNIFER MANNING-ZULL | Eric Schwairsohn |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Jennifer Manning-Zoll + Helen Libys 38 Main Street Saugus, MA 01906 (751) 231-7600 | TBD |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor   ☐ Other ☐ Trustee | ☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☐ Other ☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This is a matter brought pursuant to 28 U.S.C. §157 (b)(2)(I) and pertains to the Plaintiff's objection to the debtor's dischargeability of the debtor's indebtedness to the Plaintiff.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FILING FEE PREPAID

APR12'10 PM 4:27 USB

UNITES STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | ) |
| | ) |
| ERIC A. SCHNAIRSOHN, | )  Chapter 7 Case No. 10-10240 |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| JENNIFER L. MANNING-ZOLL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Adv. Proceeding No. |
| | ) |
| ERIC SCHNAIRSOHN, | ) |
| | ) |
| Debtor/Defendant. | ) |
| _____ | ) |

## COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF THE
## DEBTOR'S INDEBTEDNESS TO JENNIFER L. MANNING-ZOLL

Jennifer L. Manning-Zoll, a creditor holding approximately $26,300 of the unsecured debt

scheduled by the Debtor, Eric Schnairsohn, commences this adversary proceeding to object to the

dischargeability of her claim against Eric Schnairsohn.  In support of her Complaint, Jennifer L.

Manning-Zoll states the following:

### PARTIES

1.      Eric Schnairsohn ("Schnairsohn" or "Debtor") is the Debtor in the bankruptcy case

underlying this adversary proceeding, having filed a voluntary petition commencing his bankruptcy

case on January 12, 2010.

2.      Jennifer L. Manning-Zoll ("Manning-Zoll") is a creditor of the Debtor, holding

approximately $26,300 of the total debt scheduled by the Debtor in his bankruptcy case.

## JURISDICTION

3.     This Court has jurisdiction over the within Complaint pursuant to 28 U.S.C. §§1334 and 157.  Manning-Zoll is authorized to bring this Complaint to obtain a determination as to the non-dischargeability of the Debtor's debt to her pursuant to Bankruptcy Rule 4007(a).

4.     Venue of this proceeding is properly in the District of Massachusetts pursuant to 28 U.S.C. §1409(a).

5.     This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I) ("determinations as to the dischargeability of particular debts").

## FACTS COMMON TO ALL COUNTS

6.     Manning-Zoll is an attorney licensed to practice law in the Commonwealth of Massachusetts, is a member in good standing of the Massachusetts Bar and has a law office located at 38 Main Street, Saugus, Massachusetts;

7.     On or about October 8, 2008, the Debtor retained Manning-Zoll's legal services relative to the Debtor's divorce matter.  In this regard, Manning-Zoll and the Debtor entered into a written contract.  Under the terms of the contract, Manning-Zoll agreed to provide the Debtor legal services in the Debtor's divorce matter in consideration of the Debtor paying Manning-Zoll a retainer of $9800 and the hourly sum of $200 plus fees and costs.  Manning-Zoll filed her Appearance in the Debtor's divorce matter in view of this contract.

8.     Later, after the Debtor's retainer was exhausted, the parties agreed as follows.  The Debtor to pay $1000 per month towards his outstanding legal fees and a balloon payment at the close of the Debtor's divorce matter.  In securing this agreement, the Debtor represented that he would make payment for said legal services in full even if he had to borrow the money.  This

representation was false and deliberately induced Manning-Zoll to continue rendering the Debtor legal services.

9.    Manning-Zoll provided the Debtor legal services in his divorce matter for the period from October 2008 until August 2009, when the Debtor ceased making monthly payments of $1000.

10.    On August 20, 2009, the Middlesex Probate & Family Court (DiGangi, J.) allowed Manning-Zoll's Withdrawal and Attorney's Lien in the amount of $26,300 against the Debtor.

11.    On October 27, 2009, after a two day trial, the Probate & Family Court (DiGangi, J.), ordered a Judgment of Divorce Nisi and issued Findings of Fact, Rationale and Conclusions of Law.  A copy of the Judgment of Divorce Nisi, Findings of Fact, Rationale and Conclusions of Law are attached to this Complaint as Exhibit A.

11.    The Probate & Family Court found that the Debtor willfully gave false testimony and evidence to the Court and sanctioned him in the amount of $5000.

12.    In addressing the Debtor's conduct concerning the divorce proceedings, the Probate & Family Court found:  "...Although this is unusual, the Court cautions other forums before which the Debtor appears that he lacks credibility entirely.  The Court found both the Debtor's financial statements and testimony to be highly incredible.  Not only was the Debtor entirely unreliable but his failure to tell the truth while under oath constitutes perjury."

13.    On January 12, 2010, the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.  Objections to the Debtor's Discharge or Dischargeability are due by April 12, 2010.

3

<u>COUNT I</u>
<u>MANNING-ZOLL V. SCHNAIRSOHN FOR DETERMINATION OF</u>
<u>NONDISCHARGEABILITY OF DEBT PURSUANT TO 523(a)(2)</u>
<u>(Debt for legal services obtained by false pretenses, a false representation or actual</u>
<u>fraud)</u>

14.    Manning-Zoll realleges all of the allegations of Paragraphs 1 through 13 of this Complaint as if herein set forth in full.

15.    In order to obtain legal services from Manning-Zoll after the Debtor's retainer was exhausted, the Debtor falsely represented to Manning-Zoll that he would pay $1000 per month towards his outstanding legal fees and would make payment in full at the close of the divorce matter.

16.    Further, the Debtor falsely represented that even if he did not have the personal financial means to make such a payment, he would borrow the money to make full payment for the legal services rendered.

17.    The Debtor made additional misrepresentations to Manning-Zoll to secure legal services.

WHREFORE, Manning-Zoll prays that this Court determine that the Debtor's debt to her in the sum of $26,300, be determined to be nondischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code.

<u>COUNT II</u>
<u>MANNING-ZOLL V. SCHNAIRSOHN FOR DETERMINATION OF</u>
<u>NONDISCHARGEABILITY OF DEBT PURSUANT TO 523(a)(6)</u>
<u>(Debt for willful and malicious injury)</u>

17.    Manning-Zoll realleges all of the allegations of Paragraphs 1 through 16 of this Complaint as if herein set forth in full.

18.    The Debtor's intentional conduct throughout the duration of the Debtor's involvement with Manning-Zoll caused her to suffer harm to her business and additional damages.

4

Manning-Zoll continued to assist the Debtor and render legal services to him after the Debtor made consistent representations regarding payment. Consequently, Manning-Zoll suffered significant lost wages. The Debtor's aggravated conduct includes making consistent misrepresentations to Manning-Zoll to secure her legal services when the Debtor lacked any intention of paying for said legal services.

29.    The Debtor's harm to Manning-Zoll was willful and knowing.

WHREFORE, Manning-Zoll prays that this Court determine that the Debtor's debt to her in the sum of $26,300, be determined to be nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code.

Respectfully submitted,

Jennifer L. Manning-Zoll BBO #642400
Helen G. Litsas BBO #644848
38 Main Street
Saugus, MA  01906
(781) 231-7600

Dated: April 12, 2010

APR 12 '10 PM 4:27 USB

5

# EXHIBIT A

**COMMONWEALTH OF MASSACHUSETTS**
**THE TRIAL COURT**
**PROBATE AND FAMILY COURT DEPARTMENT**

Middlesex Division                                Docket No. 08D-3429-DVI

**ELIZABETH SCHNAIRSOHN,**
*Plaintiff*

v.

**ERIC SCHNAIRSOHN,**
*Defendant*

**JUDGMENT OF DIVORCE**
(On Plaintiff's Complaint for Divorce, filed on October 6, 2008)

This matter came before the Court (DiGangi, J.) for trial on September 15 and 18, 2009. Plaintiff, Elizabeth Schnairsohn ("Wife" or "Mother"), was represented by Attorney Richard Novitch. Defendant, Eric Schnairsohn ("Husband" or "Father"), was self-represented.

All persons interested having been notified in accordance with the law, and after hearing, it is adjudged nisi that a divorce from the bond of matrimony be granted for the cause of irretrievable breakdown as provided by G. L. c. 208, § 1B, and that upon and after the expiration of ninety (90) days from the entry of this Judgment, it shall become and be absolute unless, upon the application of any person within such period, the Court shall otherwise order.

After hearing it is hereby **ORDERED and ADJUDGED:**

*Child Custody & Parenting Time*
1. By agreement of the parties, which is dated September 15, 2009 and incorporated into this Judgment:
   a. The parties shall have joint legal custody of their minor child, Cameron Schnairsohn (d.o.b. 12/15/16).
   b. Relative to medical care, either parent may authorize emergency medical treatment for the child when he is in their care and must immediately notify the other parent. Mother shall schedule all well visits without regard to Father's schedule. Upon the child turning five (5) years old, Father may attend the child's well visits.
   c. Mother shall obtain prior written approval from Father for major decisions concerning the child's education, elective medical care and treatment, and any changes in religious development.
   d. Mother shall have primary physical custody.
   e. Father shall have parenting time every other weekend beginning Friday at 3:00 p.m. until Sunday at 2:00 p.m.

f.   Father shall pick up the child at the Tyngboro Police Station and Mother shall pick up the child at the Bellingham Police Station.  If either party relocates, that party shall immediately notify the other party in writing so as to continue all exchanges at a police station in the new municipality.

g.   Father shall be responsible for transporting the child to all events and activities that occur during his parenting time.

h.   Subject to the communication provisions below, the parties may agree to different or alternating parenting time.

i.   Relative to communications and contacts between the parties:

   i.   Neither party shall contact the other party in person or by telephone, except in the case of a bona fide emergency relating to the child or to notify the other party of late or cancelled parenting time.

   ii.   When the child turns three (3) years old, Mother or her designee may initiate telephone contact with Father every other day between 6:00 p.m. and 7:00 p.m. as requested by the child.  Father shall not initiate said contact.

   iii.   Otherwise the parties' contact shall be limited to one (1) written or electronic message every other day to advise the other party of new information related to the child.  However, this provision shall not be construed as requiring Mother to provide Father with daily updates regarding the child.

   iv.   Each party shall stay away from the residence and work place of the other.  If Father secures a work place outside of his residence, he shall notify Mother of such address in writing.

j.   The parties agree to the following holiday and vacation schedule:

   i.   Father shall have the child on Hanukkah for two (2) consecutive overnights not to run concurrently with Father's regularly scheduled parenting time.  If Hanukkah conflicts with the Christmas holidays, the Christmas holidays shall supersede.

   ii.   Mother shall have the child on Christmas Eve/Day.  If Christmas Eve falls on Father's regularly scheduled parenting time, Mother shall pick up the child at 10:00 a.m. on Christmas Eve and Father shall have make up parenting time as agreed by the parties.

   iii.   Father shall have the child on both Yom Kippur and Rosh Hashanna.  If these holidays do not fall on Father's regularly scheduled parenting time, he shall have one (1) overnight with the child not to exceed his regularly scheduled time.  Father shall pick up the child at 3:00 p.m. on the eve of the holiday and return him by 11:00 a.m. the next day.

   iv.   Father shall have the child for Thanksgiving on all odd years from 11:00 a.m. until 6:00 p.m.  Mother shall have the child on all even years.

   v.   Mother shall have the child on Easter.  If Easter falls on Father's regularly scheduled parenting time, Mother has the option of picking up the child at 4:00 p.m. on the Saturday before Easter or at 9:00 a.m. on Easter Sunday.  In such case, Father shall have make up parenting time as agreed by the parties.

   vi.   Mother shall have the child on Mother's Day.  If it falls on Father's

Page 2 of 6

regularly scheduled parenting time, Mother shall pick up the child at 10:00 a.m. on Mother's Day.

vii.    Father shall have the child on Father's Day. If it falls on Mother's regularly scheduled parenting time, Father shall pick up the child at 11:00 a.m. on Father's Day and return him by 4:00 p.m.

viii.   Commencing in 2012, Father shall have February school vacation with the child on all odd years. Said vacation shall begin Friday at 5:00 p.m. and end the following Friday at 5:00 p.m. Mother shall have February school vacation with the child on all even years. Also commencing in 2010, with regard to April school vacation, which shall have the same start and end times, Mother shall have the child on all odd years and Father shall have the child on all even years.

k.   Relative to summer camp, the parties shall mutually agree upon the camp or activities selection on or before February 15 of each year. The parties shall share the cost of summer camp as detailed below.

l.   Each party shall have one (1) week of summer vacation with the child beginning on Friday at 5:00 p.m until the following Friday at 5:00 p.m. In odd years, Mother may select her week first and must notify Father prior to March 15. Father shall do the same in even years. If either parent fails to select accordingly, that parent waives their right to do so and the other parent may select first.

m.   Subject to the selection procedure set forth above:

i.    In 2009, Father shall have two (2) non-consecutive blocks of three (3) overnights in the summer or winter. These overnights may not be used to extend Father's regularly scheduled parenting time.

ii.   In 2010 and 2011, Father shall have two (2) non-consecutive blocks of four (4) overnights in the summer or winter. These overnights may not be used to extend Father's regularly scheduled parenting time.

iii.  In 2012 and thereafter, Father shall have seven (7) consecutive days each summer. These days may not be used to extend Father's regularly scheduled parenting time.

n.   Both Mother and Father shall be permitted to travel with the child outside of the Commonwealth for temporary trips and vacations. The parties shall provide each other advance notification of such overnight trips and vacations as well as an itinerary including an address and phone number and the child's return date. Except for the child traveling to Canada with Mother, neither parent may take the child outside of the continental United States without prior written agreement of the other party or order of the court.

### *Child Support and Alimony*

2.   Commencing Friday, October 9, 2009, Father shall pay $320.00 per week in child support until the emancipation of the child pursuant to G.L. c. 208, §28. Said order is made retroactive to the date of filing this Complaint. As such, in addition to the current order, Husband shall pay $107.00 per week, or $16,640.00 in total, in retroactive child support until paid in full.

3.   Neither party is awarded alimony.

*Child's Activities & Care*

4.      The parties shall share equally the cost and expenses of summer camp and extracurricular activities for the child that have been agreed-upon in advance. Each party shall submit to the other written documentation of said child-related expenses as said expenses are incurred. The other party will have thirty (30) days to remit his or her one-half of the expense to the party who incurred the expense.

5.      The parties shall be equally responsible for the child's day care and pre-school program expenses. Each party shall submit to the other written documentation of said child-related expenses as said expenses are incurred. The other party will have thirty (30) days to remit his or her one-half of the expense to the party who incurred the expense.

*Division of Assets and Liabilities*
*Personal Property*

6.      Each party shall retain the vehicles in his or her possession and shall cooperate in effectuating the transfer of title of said vehicles. If not yet done, within thirty (30) days from the date of this Judgment, Husband shall remove Wife from all liability on the 2007 Lexus and Wife shall do the same for the 2004 BMW.

7.      Husband shall solely retain his interest in the 2007 Suzuki GSXR motorcycle, valued at $4,200.00.

*Retirement and Bank Accounts*

8.      Each party shall retain the bank and/or credit union accounts held their individual names.

9.      Wife shall solely retain her interest in the New York Life 401K account, valued at $12,212.00.

*Business Interests*

10.      Husband shall solely retain his interest in EAS Appraisals and shall indemnify and hold Wife harmless from any and all future liabilities associated therewith.

*Liabilities*

11.      The parties shall be jointly liable for any deficiency associated with the sale of the former marital residence located at 33 East Evergreen Road, Natick, Massachusetts. Wife shall immediately notify Husband if any deficiency results and the parties shall cooperate in the payment or resolution of said deficiency. If necessary, Husband shall be required to execute all documents necessary to effectuate the sale of said property.

12.      The parties shall be jointly liable for any deficiency associated with the foreclosure of the parties' vacation home located at 8470 Village Edge Circle, Unit 2, Fort Myers, Florida.

13.      Wife shall be solely responsible for the following liabilities listed on her financial statement:
      a.     Retail Services/Best Buy     $741.80,
      b.     Exxon Mobil             $1,153.00,

c.   Bank of America            $9,824.00, and
d.   Citi Cards (Citi II)       $2,544.00.

14.   Husband shall be responsible for and assume Wife's Retail Services/Polaris credit card liability, Acct. No. ending in-3696, in the amount of $8,055.00. Wife shall forward a copy of the payment information to Husband who shall provide all payments to Wife within ten (10) days of the monthly due date until he has paid in full.

15.   Husband shall be responsible for and assume Wife's Citi Cards (Citi I) credit card liability in the amount of $6,119.00. Wife shall forward a copy of the payment information to Husband who shall provide all payments to Wife within ten (10) days of the monthly due date until he has paid in full.

16.   Husband shall be responsible for and assume Wife's Sprint cellular liability, Acct. No. ending in -0950, in the amount of $1,459.00. Wife shall forward a copy of the payment information to Husband who shall provide all payments to Wife within ten (10) days of the monthly due date until he has paid in full.

17.   Except as provided above, each party shall be solely responsible for all individually held liabilities.

*Miscellaneous*

18.   Wife shall maintain her existing health care insurance policy covering the parties' minor child and Husband pursuant to G.L. c. 175, § 110I. If Husband obtains new employment, he shall continue to provide health insurance for Wife and the minor children, until their emancipation, and for so long as Wife is eligible and there is no additional cost for her coverage. If there is an additional cost, Wife shall pay Husband if she wishes coverage. If Wife has no medical insurance available through employment, the first (1st) party to have insurance available shall obtain coverage for the minor child.

19.   Wife shall be responsible for the first $250.00 each year in routine uninsured health and dental/vision expenses for the minor child. All uninsured health and dental/vision expenses above $250 in each calendar year shall be equally shared by the parties. Said expenses shall include all uninsured medical, dental, hospital, optical, orthodontic, and pharmaceutical expenses for the minor children. Each party shall present receipts for said expenses to the other and reimbursement shall occur within thirty (30) days.

20.   Each party shall be responsible for payment of his or her own uninsured medical, dental, hospital, optical, and pharmaceutical expenses.

21.   Both parties shall obtain and maintain life insurance in the amount of $500,000.00 dollars naming the other party as trustee for the benefit of the minor child. The parties shall provide proof of said insurance to each other, Husband to Wife's counsel, within sixty (60) days of this Judgment and thereafter on January 1 of each year.

22.   Wife shall be permitted to claim the dependency exemption for the minor child on her

state and federal income tax returns each and every year for as long as her gross income does not exceed $250,000.00 per year.

23. Wife's Motion for Counsel Fees is **GRANTED**. Within ninety (90) days from the date of this Judgment, Husband shall pay $16,000.00.

24. Husband's Motion for Counsel Fees is **DENIED.**

25. In light of Husband's willfully false testimony and presentation of evidence to this Court, it is appropriate that Husband be assessed sanctions in the amount of $5,000.00 payable to the Middlesex Probate and Family Court c/o Chuck Shepherd, Rm. 38.

Date: _____Oct 27 2009_____     _____
                                **Hon. Peter C. DiGangi, First Justice**
                                **Middlesex Probate and Family Court**